# Exhibit 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

NIKKI SHEARER,

    Plaintiff,

vs.                              No.: 12-
                              HONORABL

DOLGENCORP, LLC, a foreign corporation
doing business in the State of Michigan d.b.a
DOLLAR GENERAL STORE and JULIAN FELZCAR,

    Defendants.
_____/

SHEARER, NIKKI v DOLGENCORP LLC,
Hon. Daniel P. Ryan    04/24/2012

12-005535-CD

ROMANZI ATNIP, P.C.
HEIDI A. TANNER (P61953)
Attorneys for Plaintiff
2850 Dixie Highway
Waterford, Michigan 48328
248-674-4404
_____/

> There are no other pending or resolved civil actions arising out of the same transaction or occurrence contained within this Complaint.
>
> _____
> Heidi A. Tanner (P61953)

## COMPLAINT

**NOW COMES** Plaintiff, **NIKKI SHEARER**, by and through her attorneys, **ROMANZI ATNIP, P.C.**, and hereby states the following for her Complaint in the above captioned cause:

### CAUSE OF ACTION

1.    This is an action partially for sex discrimination and retaliation pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., and the common law of the State of Michigan.

2. This is an action partially for pregnancy discrimination pursuant to the Pregnancy Discrimination Act (PDA) 42 U.S.C.S. §2000e (k) and the Michigan Civil Rights Act (CRA) MCL 27.2101 et seq which is modeled after 42 U.S.C.S. §2000 e -2.

3. This is an action partially for sex discrimination pursuant to the Family Responsibilities Act (FRA) 42 U.S.C.S. §1983.

4. This is an action partially for race discrimination and retaliation pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., and the common law of the State of Michigan.

## JURISDICTION

5. The Plaintiff was during all times relevant, a resident of Wayne County, Michigan.

6. Defendant, Dolgencorp, LLC., is a foreign profit corporation, d.b.a. DOLLAR GENERAL STORE (hereinafter referred to as "Dolgencorp") operating in Wayne County.

7. Defendant, Julian Felzcar (hereinafter referred to as "Felzcar", was during all times relevant, a resident of Wayne County, Michigan.

8. The events giving rise to this cause of action occurred in Wayne County, Michigan.

9. The amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney fees and jurisdiction and venue are otherwise properly before this Court.

## GENERAL ALLEGATIONS

10. Plaintiff began her employment with Defendant on September 9, 2010, hired as a cashier/sales associate.

11. Plaintiff is a white female.

12. Plaintiff was twenty-eight years old at the time of the sexual discrimination, family responsibilities discrimination, pregnancy discrimination, and race discrimination.

13. Plaintiff was hired to act as a cashier.

14. Plaintiff's job duties included working the cash register and interacting with customers, thus providing customer service.

15. Plaintiff would routinely assist the Defendants in unloading stock and placing said stock on the shelves although she was not hired as stock personnel.

16. The Defendants had five male employees who were employed for the purpose of unloading stock and placing said stock on the store's shelves.

17 Throughout the course of her employment with the Defendants, Plaintiff performed her job duties in a manner that was satisfactory or better.

18. Throughout the course of her employment with the Defendants, the Plaintiff was treated differently from similarly situated female employees with respect to the terms and conditions, as well as benefits of her employment.

19. That on or about March 12, 2011, the Plaintiff who was in the course of her employment, notified the Defendant that she was six weeks pregnant.

20. Plaintiff's notified the Defendant of her pregnancy only after being requested to stock bags of dog food which exceeded her treating physicians restrictions.

21. Plaintiff could not repetitiously stock the bags of dog food for the weight of said bags would have jeopardized her pregnancy which was in the early stages.

22. At the time the Plaintiff notified Defendant "Felzcar" of her lifting restriction and pregnancy there was another female employee who was five and a half months pregnant.

23. Prior to Plaintiff's notifying Defendant "Felzcar" of her pregnancy and her restriction, she had been employed for a period of seven months with the Defendants.

24. Immediately upon notifying Defendant "Felzcar" of her pregnancy, Defendant "Felzcar" told her that she was "high risk".

25. Immediately upon notifying Defendant "Felzcar" of her pregnancy, Defendant "Felzcar" said the Plaintiff was a "liability".

26. Immediately upon notifying Defendant "Felzcar" of her pregnancy, Defendant "Felzcar" told the Plaintiff that she needed to take a medical leave.

27. The Plaintiff's pregnancy did not hinder her in her performance as a cashier.

28. The Plaintiff's pregnancy did not hinder her in her ability to use the cash register, interact with patrons, or stock store supplies.

29. That when the Plaintiff attempted to return to work on her next scheduled date, she was notified by Defendant "Felzcar" that he had removed her from the schedule.

30. The Defendants terminated the Plaintiff on March 12, 2011.

31. At the time of her separation from employment with Defendant, Plaintiff had was earning $8.00 an hour and as working a schedule of twenty to thirty hours a week.

32. That prior to Plaintiff's notifying the Defendant of her pregnancy, Defendant "Felzcar" became aware that her fiancée was black.

33. The Defendant had made it known to the Plaintiff that he was held bias towards the black patrons of the store.

34. The other employee who was five and half months pregnant at the time of the Plaintiff's termination was impregnated by a white man.

35. The other employee who was five and a half months pregnant at the time of the

Plaintiff's termination was never asked to go out on medical leave.

36. The other employee who was five and a half months pregnant at the time of the Plaintiff's termination was never told that she was a "liability" or "high risk".

37. The other employee who was five and a half months pregnant at the time of the Plaintiff's termination was not terminated due to her pregnant status.

38. The Defendants terminated the Plaintiff for the fact that she was a pregnant female who was impregnated by a black man.

## CAUSES OF ACTION

### COUNT I - ALLEGATION OF SEXUAL DISCRIMINATION

39. Plaintiff incorporates by reference all preceding paragraphs as if they were set forth fully herein.

40. At all material times, Plaintiff was an employee, and the Defendants were her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2202 et seq.

41. Plaintiff's sex was at least one factor that made a difference in Defendants' decision to discharge Plaintiff from her position of cashier

42. Had Plaintiff been a male, Defendant would not have discharged her.

43. Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

44. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated male employees in the terms and conditions of employment, based on unlawful consideration of sex.

45. Defendant's actions were intentional in disregard for Plaintiff's rights and

sensibilities.

46. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendants granting the following compensatory and equitable relief:

a) compensatory damages in whatever amount above $25,000 she is found to be entitled

b) exemplary damages in whatever amount above $25,000 she is found to be entitled

c) an award of lost wages and the value of fringe benefits, past and future

d) an award of interest, costs, and reasonable attorney fees

e) an order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation

f) an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT II –VIOLATION OF 42 U.S.C.S. §2000e (k) & MCL 27.2101 et seq, and MCL 37.2202(a)(1) MODELED AFTER 42 U.S.C.S. §2000 e -2.

47. Plaintiff incorporates by reference all preceding paragraphs as if they were set forth fully herein.

49. At all times material, Plaintiff was an employee, Defendant corporation was her employer, Defendant "Felzcar" was Plaintiff's supervisor acting in the scope of his employment and on behalf of Defendant corporation, covered by and within the meaning of the PDA (42 U.S.C.S. §2000e (k)) and CRA (MCL 27.2101 et seq. and MCL

37.2202(a)(1).

50. Plaintiff's pregnancy is a subset of sexual discrimination which then classified her as a member of a protected class pursuant to MCL 37.2202 (1)(a).

51. At the time of Plaintiff's termination, Plaintiff's pregnancy was unrelated to her ability to perform the duties of a cashier with Defendant corporation and is unrelated to her qualifications for employment as a cashier.

52. Plaintiff was discriminated against, within the meaning of the PDA when the Defendants terminated her due to her pregnancy and the assumption that her ability to perform certain tasks would be affected by said pregnancy.

53. The actions of the Defendant, its agents, representatives, and employees were intentional in disregard for the rights and sensibilities of Plaintiff.

54. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendants granting the following compensatory and equitable relief:

  a) compensatory damages in whatever amount above $25,000 she is found to be entitled
  b) exemplary damages in whatever amount above $25,000 she is found to be entitled
  c) an award of lost wages and the value of fringe benefits, past and future
  d) an award of interest, costs, and reasonable attorney fees
  e) an order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation

f) an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT III –VIOLATION OF 42 U.S.C.S. §1983

55. Plaintiff incorporates by reference all preceding paragraphs as if they were set forth fully herein.

56. At all times material, Plaintiff was an employee, Defendant corporation was her employer, Defendant "Felzcar" was Plaintiff's supervisor acting in the scope of his employment and on behalf of Defendant corporation, covered by and within the meaning of the FRD (42 U.S.C.S. §1983).

57. At the time of Plaintiff's termination, Plaintiff's pregnancy was unrelated to her ability to perform the duties of a cashier with Defendant corporation and is unrelated to her qualifications for employment as a cashier.

58. Plaintiff was discriminated against, within the meaning of the FRD when the Defendants terminated her due to her pregnancy and the assumption that her ability to perform certain tasks would be affected by said pregnancy.

59. The actions of the Defendant, its agents, representatives, and employees were intentional in disregard for the rights and sensibilities of Plaintiff.

60. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendants granting the following compensatory and equitable relief:

a) compensatory damages in whatever amount above $25,000 she is found to be entitled

b) exemplary damages in whatever amount above $25,000 she is found to be entitled

c) an award of lost wages and the value of fringe benefits, past and future

d) an award of interest, costs, and reasonable attorney fees

e) an order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation

f) an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## **COUNT IV – ALLEGATION OF RACIAL DISCRIMINATION IN VIOLATION OF MCL 37.2101 et seq**

61. Plaintiff incorporates by reference all preceding paragraphs as if they were set forth fully herein.

62. At all times material, Plaintiff was an employee, Defendant corporation was her employer, Defendant "Felzcar" was Plaintiff's supervisor acting in the scope of his employment and on behalf of Defendant corporation, covered by and within the meaning of the MCL 37.2101 et seq.

63. At all material times, Plaintiff was an employee, and the Defendants were her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

64. Plaintiff's fiancee's race and the race of her unborn child was at least one factor that made a difference in Defendants' decision to discharge Plaintiff from her position of cashier

65. Had Plaintiff's fiancée and her unborn child been white, Defendant would not have discharged her.

66. Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

67. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated male and female employees in the terms and conditions of employment, based on unlawful consideration of her fiancee's race and the race of her unborn child.

68. Defendant's actions were intentional in disregard for Plaintiff's rights and sensibilities.

69. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendants granting the following compensatory and equitable relief:

  a) compensatory damages in whatever amount above $25,000 she is found to be entitled

  b) exemplary damages in whatever amount above $25,000 she is found to be entitled

  c) an award of lost wages and the value of fringe benefits, past and future

  d) an award of interest, costs, and reasonable attorney fees

  e) an order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation

  f) an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff incorporates by reference all preceding paragraphs as if they were set forth fully herein.

71. Defendants' conduct in terminating a qualified, experienced, and high performing cashier with 7 months experience was "extreme and outrageous" intended to demean, offend, harass, embarrass and otherwise diminish Plaintiff's reputation and stature.

72. Defendants intended on engaging in this extreme and outrageous behavior as retribution for what it believed was Plaintiff's misconduct and disability.

73. As a result of Defendants' conduct, Plaintiff has had severe emotional distress including, but not limited to: extreme; grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, sleeplessness, and nausea.

74. Defendants' conduct directly and proximately resulted in severe and serious emotional distress accompanied by physical manifestations.

WHEREFORE, Plaintiff requests entry of a judgment in favor of Plaintiff and against Defendants in a fair and just amount in excess of $25,000, together with costs, interest and attorney fees.

## COUNT VI - CIVIL CONSPIRACY

75. Plaintiff incorporates by reference all preceding paragraphs as if they were set forth fully herein.

76. Defendants illegally, maliciously, and wrongfully conspired with internal agents of Defendant for the purpose of intentionally discriminating against Plaintiff because of her sex, pregnancy, the race of her fiancée and her unborn child.

77. The aforementioned conspiracy resulted in the illegal, unlawful, or tortious activity of civil rights violations, retaliation, and intentional infliction of emotional distress.

78. As a result of the conspiracy and Defendants' illegal, wrongful, or tortious acts, Plaintiff suffered

    a) loss of income and the time value of money;
    b) emotional distress;
    c) humiliation, mortification, and embarrassment;
    d) sleeplessness and anxiety;
    e) other damages that may arise during the course of discovery and the course of this trial.

WHEREFORE, Plaintiff requests entry of a judgment in favor of Plaintiff and against Defendants as follows:

1. **LEGAL RELIEF:**

    a. Compensatory damages in whatever amount over $75,000.00 Plaintiff is found to be entitled;

    b. An award of back pay and the value of lost fringe benefits and pension benefits, past and future;

    c. Exemplary damages in whatever amount over $75,000.00 Plaintiff is found to be entitled;

    d. An award of interest, costs, and reasonable attorney fees.

2. **EQUITABLE RELIEF:**

    a. An order placing Plaintiff in the position she would have held had there been no violation of her rights;

    b. An award of interest, costs, and reasonable attorney fees;

    c. An Order enjoining Defendants from further acts of discrimination or retaliation;

d. Whatever other relief appears appropriate at the time of final judgment; and

e. Whatever other relief may appear appropriate when this Honorable Court's final Order is entered.

Respectfully submitted,

**ROMANZI ATNIP, PC**

Heidi A. Tanner (P61953)
Attorney for Plaintiff
2850 Dixie Highway
Waterford, MI  48328
(248) 674-4404

DATED:    April 23, 2012